826 F.2d 1064
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
NATIONAL LABOR RELATIONS BOARD, Petitioner,
v.
GALEN, INC., Respondent.
 No. 86-5987
 United States Court of Appeals, Sixth Circuit.
 August 25, 1987.
 
 Before LIVELY, Chief Judge, and MILBURN and RYAN, Circuit Judges.
 PER CURIAM.
 
 
 1
 This case is before the court on an application by the National Labor Relations Board for enforcement of a bargaining order. The employer refused to bargain after the union won a supervised election by a single vote, 24 to 23. The Regional Director conducted an investigation following the employer's objections to the election, but did not conduct an evidentiary hearing. In recommending that the objections be overruled the Regional Director stated, 'The Employer's objections do not raise substantial and material issues of fact and credibility which would either necessitate resolution by a hearing or, when viewed in a light most favorable to the Employer, constitute basis for overturning the July 22, 1985 election.' The Board adopted the findings and recommendation and certified the union as exclusive bargaining representative of the employees. When the employer refused to bargain on the basis that the union had been improperly certified, the Board granted the General Counsel's motion for summary judgment and issued its decision and order directing the employer to negotiate with the union. 280 NLRB No. 59 (1986).
 
 
 2
 In opposing the Board's application for enforcement the employer asserts that the union made an offer to waive initiation fees which was ambiguous and had an impermissible effect on the outcome of the election. The statement relied upon by the employer was a single sentence in a four-page letter sent only to employees who had signed authorization cards. The letter was sent one week after the petition for an election was filed and approximately two months before the election was held. The letter states:
 
 
 3
 Members of the UAW pay 2 hours a month or 1.1% of their monthly salary, and we have waived the initiation fee for all bargaining unit members until after the first contract is reached.
 
 
 4
 The employer argues that this statement is ambiguous and that it created confusion in the minds of the employees concerning the extent to which initiation fees were waived. The employer relies on NLRB v. Savair Manufacturing Company, 414 U.S. 270 (1973), and Davlan Engineering, Inc., 263 NLRB No. 124, 125 LRRM 1049 (April 30, 1987). The practice condemned in Savair was waiving initiation fees as an inducement to obtain signatures on authorization cards during a representation campaign while providing that if the union should win the election those employees who had not signed authorization slips would have to pay the initiation fee. The Supreme and paint a false pricture permitted to do this would be allowed to buy endorsements and paint a false picture of employee support during the election campaign. Clearly, since the letter in the instant case was sent only to employees who had already signed authorization slips, the promise of a waiver of initiation fees was not being used as an inducement to obtain signatures. Thus, we conclude that the Savair rule was not violated.
 
 
 5
 We also find that Davlan is distinguishable. In Davlan the promise of a waiver of union fees was made by employees who solicited their co-workers to sign authorization cards, not by a communication directly from the union. Again, the promise of a waiver of fees was made as an inducement to obtain signatures, not as a statement of a benefit already obtained by employees who had signed such slips. We find no basis for concluding that the Board erred in determining that any ambiguity in the letter from the union to employees who had already signed authorization slips did not interfere with the conduct of a fair election.
 
 
 6
 Upon consideration of the briefs and oral arguments of counsel together with the record under review, we conclude that the Board neither misapplied the law nor abused its discretion in overruling the employer's objections and entering a bargaining order.
 
 
 7
 The order of the Board is enforced.